# EXHIBIT 1

# FIRST AMENDMENT TO
# PIPELINE FOODS, LLC LIQUIDATING TRUST AGREEMENT

THIS FIRST AMENDMENT TO PIPELINE FOODS, LLC LIQUIDATING TRUST AGREEMENT (this "First Amendment") is entered into as of December 5, 2022 (the "Effective Date"), by Nauni J. Manty, in her capacity as liquidating trustee ("Liquidating Trustee") of the Pipeline Foods Liquidating Trust (the "Trust"), with consent from the Plan Oversight Committee. Capitalized terms used above and herein but not defined shall have the meanings given to them in the Plan or the Liquidating Trust Agreement (each as defined below).

## RECITALS

WHEREAS, on July 8, 2021, and July 12, 2021, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on February 24, 2022, the Debtors and the Official Committee of Unsecured Creditors (the "Committee") filed with the Bankruptcy Court a "further revised" version of the *Debtors' and Creditors' Committee's Joint Plan of Liquidation* (as further amended or modified from time to time, the "Plan");

WHEREAS, by order dated March 1, 2022 (the "Confirmation Order"), the Bankruptcy Court confirmed the Plan;

WHEREAS, pursuant to the Plan and the Confirmation Order, the Liquidating Trustee, Debtors, and the Committee entered into that certain Pipeline Foods, LLC Liquidating Trust Agreement dated as of March 17, 2022 (the "Liquidating Trust Agreement"), thereby forming the Trust;

WHEREAS, under the terms of the Plan and the Confirmation Order, all assets of the Debtors' Estates as of the Effective Date of the Plan were irrevocably transferred to the Trust;

WHEREAS, pursuant to Article VI.A.7 of the Plan, Cöoperatieve Rabobank U.A., New York Branch ("Rabobank"), in its capacities as administrative agent, issuer, and lender under the Rabobank Loan Documents, assigned and contributed the "Rabobank D&O Claims" to the Trust, as that term is defined in Article I.A.107 of the Plan;

WHEREAS, the definition of "Rabobank D&O Claims" in Article I.A.107 of the Plan only includes Rabobank's claims and causes of action "against the Debtors' current and former officers";

WHEREAS, the parties have agreed that the Plan was not intended to limit the scope of Rabobank's assignment in the manner specified in Article I.A.107 of the Plan and, instead, was intended to provide for the assignment and contribution to the Trust any and all claims and causes of action that Rabobank has against the Debtors' current and former directors, managers, equity

owners and their affiliates, and any other related party relating to the Debtors, the Rabobank Loan Documents, and/or the credit extended thereunder;

WHEREAS, to fulfill the purpose and intent of the Plan, and to resolve any ambiguities, Rabobank desires to assign and contribute certain additional claims and causes of action to the Trust;

WHEREAS, to enable the Trust to accept such assignment and contribution from Rabobank, certain provisions in the Liquidating Trust Agreement must be amended;

WHEREAS, Section 13.9 of the Liquidating Trust Agreement permits the Liquidating Trustee to amend the Liquidating Trust Agreement "with the consent of each member of the Plan Oversight Committee"; and

WHEREAS, the amendments to the Liquidating Trust Agreement set forth herein are intended to fulfill the purpose and intent of the Plan, and to resolve any ambiguities, and not to enable or allow the Trust to engage in any trade or business.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Liquidating Trustee, for the benefit of the Beneficiaries, and with consent from each member of the Plan Oversight Committee, agrees as follows:

1.      Recitals.  The above recitals are adopted by the Liquidating Trustee as true and correct statements of fact and are incorporated by reference into this Agreement.

2.      Amendments to Liquidating Trust Agreement.  On the Effective Date of this First Amendment, the Liquidating Trust Agreement is amended as follows:

(a)     Section 1.1.1 of the Liquidating Trust Agreement is amended in its entirety to read as follows:

"Assets" shall mean, collectively, (i) all property of the Settlors and their Estates transferred to the Trust on the Effective Date pursuant to the Plan, including, but not limited to, all legal and equitable rights of the Settlors as of the Effective Date; (ii) any property acquired by the Trust after the Effective Date, including, but not limited to, the Rabobank Claims; and (iii) any proceeds of any of the foregoing.

(b)     The existing Section 1.1.5 of the Liquidating Trust Agreement is renumbered as Section 1.1.6.

(c)     The existing Section 1.1.6 of the Liquidating Trust Agreement is renumbered as Section 1.1.7.

(d)     The following defined term is added as Section 1.1.5 of the Liquidating Trust Agreement:

"Rabobank Claims" shall mean all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, and crossclaims of Rabobank, in its capacities as administrative agent, issuer, and lender under the Rabobank Loan Documents, including, without limitation, claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, and negligent misrepresentation, against (i) the Debtors' current and former directors and/or managers in their respective capacities as such, including, without limitation, Craig Tashjian and Robert Hodgen; (ii) the Debtors' current and former direct and indirect equity owners, and any of their respective affiliates, including, without limitation, AMERRA PF Holdings, LLC, AMERRA Capital Management, LLC, AMERRA Agri Multi Strategy Fund, L.P., AMERRA-KRS Agri PE Fund, L.P., AMERRA Agri PE Fund, L.P., AMERRA-Redwood Agri Fund, L.P., and AMERRA Pipeline Coinvest, L.P; and (iii) any other third party related to or affiliated with the foregoing to the extent relating in any way to the Debtors, the Rabobank Loan Documents, and/or the credit extended thereunder, but excluding, for the avoidance of doubt, Rabobank's claims against or rights of recovery from the Debtors, their Estates, and the Trust.

(e)     Section 2.1 of the Liquidating Trust Agreement is amended in its entirety to read as follows:

There is hereby created the Trust, which shall be known as the "Pipeline Foods Liquidating Trust," and is the Pipeline Foods Liquidating Trust referred to in the Plan. The Trustee agrees to accept and hold the Assets in trust for the Beneficiaries, subject to the terms of this Agreement, the Plan, and the Confirmation Order. The Trust is established as a liquidating trust to be treated as a grantor trust within the meaning of Treasury Regulations Section 301.7701-(4)(d), with no objective or authority to carry on or conduct a trade or business, or to accept an assignment of any claim or right of action from, or assume any liabilities of, any person or entity other than the Settlors; provided, however, that to facilitate the purpose and intent of the Plan, the Trust may accept an assignment of the Rabobank Claims from Rabobank. The Trustee may conduct the affairs of the Trust under the name of the "Pipeline Foods Liquidating Trust."

(f)     Article IV of the Liquidating Trust Agreement is amended to add a new Section 4.15, which shall read as follows:

Treatment of Rabobank Claims. The Rabobank Claims, if and when assigned by Rabobank to the Trust, shall be deemed and treated as "General Liquidation Trust Assets" (as defined in the Plan) for all purposes, and any and all proceeds therefrom shall be applied and distributed according to the terms of the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

(g)      Section 5.8.X. of the Liquidating Trust Agreement is amended in its entirety to read as follows:

Terminating the Trust and seeking to close the Settlors' Chapter 11 Cases pursuant to § 350(a) of the Bankruptcy Code, to the extent not previously closed in accordance with the Plan and Confirmation Order; and

(h)      Section 5.8 of the Liquidating Trust Agreement is amended to add a new subpart Y, which shall read as follows:

Entering into an assignment agreement with Rabobank on behalf of the Trust, pursuant to which Rabobank assigns and contributes the Rabobank Claims to the Trust.

3.      <u>Continuing Effect</u>.  Except as expressly amended herein, the terms and conditions of the Liquidating Trust Agreement remain in full force and effect.

4.      <u>Severability</u>.  If any provision in this First Amendment shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions will not in any way be affected or impaired thereby.

5.      <u>Counterparts</u>.  The parties may sign any number of copies of this First Amendment. Each signed copy shall be an original, but all of them together represent the same agreement. The exchange of copies of this First Amendment and of signature pages by facsimile or PDF transmission shall constitute effective execution and delivery of this First Amendment as to the parties hereto and may be used in lieu of the original First Amendment for all purposes. Signatures of the parties hereto transmitted by facsimile or PDF shall be deemed to be their original signatures for all purposes.

*[Remainder of Page Blank]*

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed as of the date first written above.

**PIPELINE FOODS LIQUIDATING TRUST**

_____

Name:  Nauni J. Manty
Title:  Liquidating Trustee

ACKNOWLEDGED AND CONSENTED TO BY
EACH MEMBER OF THE PLAN OVERSIGHT
COMMITTEE:

**SIMMONS FEED & SUPPLY LLC,
DBA SIMMONS GRAIN CO.**

_Annette Y Cook_
Name: Annette L. Cook
Title: Corporate Secretary

**BRANT HEMINGWAY**

_____

**SALVATORY ESPOSITO**

_____
Managing Director
Rabobank Diversified Services

**JEFFREY CASE**

_____
Title:

_(Signature Page to First Amendment)_

ACKNOWLEDGED AND CONSENTED TO BY
EACH MEMBER OF THE PLAN OVERSIGHT
COMMITTEE:

**SIMMONS FEED & SUPPLY LLC,
DBA SIMMONS GRAIN CO.**

_____
Name:
Title:


**BRANT HEMINGWAY**

_____


**SALVATORY ESPOSITO**

_____
Managing Director
Rabobank Diversified Services


**JEFFREY CASE**

_____
Title:

ACKNOWLEDGED AND CONSENTED TO BY
EACH MEMBER OF THE PLAN OVERSIGHT
COMMITTEE:

**SIMMONS FEED & SUPPLY LLC,
DBA SIMMONS GRAIN CO.**

_____

Name:
Title:

**BRANT HEMINGWAY**

_____

**SALVATORY ESPOSITO**

*Salvatore Esposito*
_____

Managing Director
Rabobank Diversified Services

**JEFFREY CASE**

*Jeffrey Case*
_____

Title: Executive Director